UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERRY GHORMLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-00585 (CEJ) |
| | ) |
| JOHNSON & JOHNSON, et al. | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions to stay. Also before the Court are plaintiffs' motions to remand pursuant to 28 U.S.C. § 1447(c), and motion to stay pending order on remand.

**I. Background**

Plaintiffs initiated this action in the Circuit Court of the City of St. Louis, Missouri on November 29, 2016. Plaintiffs assert product liability, breach of warranty, and statutory claims stemming from their use of Johnson & Johnson Baby Powder and "Shower to Shower" (talcum powder-based products). Plaintiffs allege that the products caused ovarian cancer.

On February 10, 2017, defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The removing defendants are New Jersey citizens. Defendant Imerys Talc America, Inc. is a Delaware corporation with its principal place of business in California. *Id.* Plaintiffs are citizens of thirty different states, including New Jersey and California.[1] *Id.*

---
[1] Plaintiffs are also citizens of Missouri, Alabama, Arkansas, Arizona, Colorado, Florida,

Defendants argue that the Court should stay this case pending a potential transfer to a multidistrict litigation (MDL) proceeding. Plaintiffs counter that the Court lacks subject matter jurisdiction over this action in the absence of complete diversity of the parties, and should therefore remand the case to the state court from which it was removed.

**II. Discussion**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). Relevant factors include the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay. *Edens v. Volkswagen Grp. of Am., Inc.*, No. 16–CV–0750 (WMW/LIB), 2016 WL 3004629, at *1–2 (D. Minn. May 24, 2016) (citations omitted). In determining whether to stay proceedings, a district court must exercise judgment by weighing "competing interests" and maintaining "an even balance." *Landis*, 299 U.S. at 254–55. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Defendants move to stay the proceedings until the Judicial Panel on Multidistrict Litigation (JPML) rules on their motion to transfer this case to the MDL

---

Georgia, Illinois, Kentucky, Louisiana, Maryland, Massachusetts, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, and Wisconsin. [Doc. #17 at 4].

proceeding pending in the United States District Court for the District of New Jersey – *In re Johnson & Johnson Talcum Powder Marketing Sales Practices and Products Liability Litigation*, MDL No. 2738. That MDL proceeding will coordinate pre-trial proceedings for "actions [that] share common factual questions arising out of allegations that perineal use of Johnson & Johnson's talcum powder products can cause ovarian or uterine cancer in women." [Doc. #14 at 2 (internal quotation marks and citations omitted)]. Defendants also note that there are at least 160 nearly identical, individual actions currently pending in the federal court system. *Id.* In the alternative, defendants argue that this Court should stay this matter pending resolution of *Bristol-Myers Squibb Co. v. Superior Court of California*, No. 16-466, 2017 WL 215687 (U.S. Jan. 19, 2017) and *BNSF Railway Co. v. Tyrrell*, No. 16-405, 2017 WL 125672 (U.S. Jan. 13, 2017).

Defendants argue that a stay is appropriate in this case because it would (1) promote judicial economy by ensuring consistency and avoiding duplicative efforts, (2) avoid prejudice to defendants imposed by redundant discovery requests and motions, and (3) impose no prejudice on plaintiffs' claims. They cite to nearly identical cases in which judges of this Court have stayed the proceedings pending transfer to the same MDL panel. *See Rea v. Johnson & Johnson, et al.*, 4:16-CV-2165 (SNLJ),(E.D. Mo. Apr. 7, 2017); *Gallow v. Johnson & Johnson*, No. 4:16-CV-1123 (JAR) (E.D. Mo. Feb. 2, 2017); *Lucas v. Johnson & Johnson*, No. 4:16-CV-1339 (JAR) (E.D. Mo. Feb. 2, 2017); *Starks v. Johnson & Johnson*, No. 4:16-CV-1362 (AGF) (E.D. Mo. Feb. 2, 2017); *Frazier v. Johnson & Johnson*, No. 4:16-CV-1388 (JAR) (E.D. Mo. Feb. 2, 2017); *Eveland v. Johnson & Johnson*, No. 4:16-CV-1436 (JAR) (E.D. Mo. Feb. 2, 2017). After considering the relevant factors, the

Court finds no reason to depart from these cases. Plaintiffs have not offered any arguments that granting a stay in this matter would prejudice their claims. Plaintiffs can present their arguments for remand before the MDL court. Finally, a stay in this case would conserve judicial resources and promote judicial economy.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to stay all proceedings [Docs. #13, #25] are **granted**.

**IT IS FURTHER ORDERED** that this matter is **stayed** pending decision by the Judicial Panel on Multidistrict Litigation regarding transfer of this action to the United States District Court for the District of New Jersey.

**IT IS FURTHER ORDERED** that all other pending motions in this case are **denied without prejudice.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2017.